IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VICTOR S. RODRIGUEZ,

                          Plaintiff,                        OPINION AND ORDER

v.

                                                                  24-cv-180-wmc

LANCASTER GRANT COUNTY
CHILD SUPPORT AGENCY and
MIANNA T. BARNER,

                          Defendants.

---

VICTOR S. RODRIGUEZ,

                          Plaintiff,                        OPINION AND ORDER

v.

                                                                  23-cv-755-wmc

GRANT COUNTY
CHILD SUPPORT AGENCY and
LILIAN ROMERO,

                          Defendants.

---

Plaintiff Victor Rodriguez has filed these civil actions against the Grant County Child Support Agency and the petitioners -- Mianna Barner and Lilian Romero -- in two paternity suits where he is the named defendant.[1] Rodriguez's complaints stem from disputes over the collection of child support. Rodriguez is representing himself, and he has moved to proceed without prepayment of the filing fee in both cases. Rodriguez has also filed an "Emergency Motion for Temporary Restraining Order and Preliminary and

---

[1] The caption of Rodriguez's most recent complaint names the "Lancaster Grant County Child Support Agency as a defendant. However, the department Rodriguez identifies -- and the name the court will use in this opinion -- is the Grant County Child Support Agency, located in Lancaster, Wisconsin.

Permanent Injunction" in his second, more recent case involving Barner. Both cases were transferred to this court from the U.S. District Court for the Eastern District of Wisconsin. (No. 24-cv-180-wmc, Dkt. #8 and No. 23-cv-755-wmc, Dkt. #6.) As noted by Judge Stadtmueller in his most recent transfer order, the operative complaints in this matter are copies of complaints Rodriguez has previously filed, including those dismissed in an earlier set of actions in the Eastern District last year, where Rodriguez has scratched out the case numbers in the dismissed cases. ECF No. 7, at 1 n. 2, *Rodriguez v. Lancaster Grant County Child Support Agency*, No. 24-cv-332 (E.D. Wis. March 20, 2024) (citing *Rodriguez v. Grant County Child Support Agency*, No. 23-cv-1195 (E.D. Wis. Oct. 12, 2023) and *Rodriguez v. Grant County Child Support Agency*, No. 23-cv-1196 (E.D. Wis. Oct. 12, 2023)).

Because Rodriguez seeks leave to proceed without prepayment of fees and costs, the court must screen his proposed complaints under 28 U.S.C. § 1915(e)(2). In screening any self-represented litigant's pleadings, the court must construe the claims generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, the complaints filed by Rodriguez must be dismissed because he fails to demonstrate that this court has jurisdiction to consider his claims for relief.

ALLEGATIONS OF FACT

The relevant allegations in each of Rodriguez's complaints were set forth at great length in Judge Pepper's thoughtful opinion dismissing his claims last year. ECF No. 5, *Rodriguez v. Grant County Child Support Agency*, No. 23-cv-1195 (E.D. Wis. Oct. 12, 2023); ECF No. 5, *Rodriguez v. Grant County Child Support Agency*, No. 23-cv-1196 (E.D. Wis. Oct. 12, 2023). For purposes of this order, the court accepts Rodriguez's well-pleaded

allegations as true and assumes the following probative facts.

Rodriguez currently resides in Nekoosa, Wisconsin. The complaints in these cases stem from Rodriguez's child support obligations in Grant County, Wisconsin. According to Rodriguez, the Grant County Child Support Agency fraudulently induced him to sign child support contracts in the circuit court, causing him to experience damage to his reputation, severe emotional distress, wrongful imprisonment for civil contempt of court, loss of employment, gender and race discrimination, and financial injuries including seizure of his federal and state income taxes, past employment wages, and gambling winnings. Rodriguez claims that the state's enforcement of his child support payments violates his federal constitutional right to due process. Rodriguez seeks monetary relief, including compensatory and punitive damages. In his case involving the paternity petition filed by defendant Barner, Rodriguez further seeks injunctive relief to cease the garnishment of wages and income taxes "for alleged child support." (No. 24-cv-180-wmc, Dkt. #3.)

OPINION

Two of the three jurisdictional defects that led Judge Pepper to dismiss plaintiff's claims last October still hold true today. *First*, this court cannot adjudicate claims concerning the imposition and collection of child support obligations falling within the area of family or domestic relations, which is governed by state law. *See Rose v. Rose*, 481 U.S. 619, 625 (1987) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *De Sylva v. Ballentine*,

3

351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern.").

Unless a substantial federal question "transcends or exists apart from" a dispute involving family law or domestic relations, federal courts typically must decline jurisdiction even when divorce, alimony, or child custody is not strictly at issue. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004) (*abrogated on other grounds by Lexmark Int'l Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014)). Despite plaintiff's efforts to make this case about his Fourteenth Amendment due process rights, he does not allege facts signaling the existence of a substantial federal question that is separate from his obligation to make child support payments. On the contrary, his claims, such as they are, (1) arise directly out of child support obligations, and (2) involve no federal question.[2]

*Second*, as Judge Pepper pointed out, despite plaintiff's assertions to the contrary, these lawsuits are plainly barred by the *Rooker-Feldman* doctrine, which prevents federal district courts from hearing claims that seek review of state court judgments. *Gilbank v. Wood County Dep't of Human Servs.*, --- F.4th ---, 2024 WL 3616798, at *6 (7th Cir. August 1, 2024) (en banc); *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002). The court agrees with and adopts Judge Pepper's well-reasoned analysis on that issue. ECF No. 5, at 8-10, *Rodriguez v. Grant County Child Support Agency*, No. 23-cv-1195 (E.D. Wis. Oct. 12, 2023).

---

[2] Plaintiff also failed to identify a named defendant who is amenable to suit under 42 U.S.C. § 1983. The Grant County Child Support Agency is "not a legal entity separable from the county government which it serves and is therefore, not subject to suit" under § 1983. *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). In the absence of any allegations that defendants Barner and Romero acted under color of state law, they cannot be sued as private citizens under § 1983, either. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010).

Plaintiff is, in effect, asking this court to order relief from state court judgments that imposed child support obligations on him. Those claims are "inextricably intertwined" with state court judgments, and therefore, barred under *Rooker-Feldman*. *Sykes v. Cooky Cnty. Cir. Ct. Probate Div.*, 837 F.3d 736, 742 (7th Cir. 2016).

Accordingly, this court has no jurisdiction to consider plaintiff's claims in these cases. If plaintiff disagrees with the amount of child support owed or the efforts to collect any past due balance, he must pursue relief through the state court system or the appropriate state agencies.

ORDER

IT IS ORDERED that:

1) Plaintiff's complaint in case 24-cv-180-wmc is DISMISSED for lack of subject matter jurisdiction;

2) Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary and Permanent Injunction (dkt. #2); motion to have the U.S. Marshals serve the defendants (dkt. #4); and motion for leave to proceed without prepayment of the filing fee (dkt. #5) in case 24-cv-180-wmc are DENIED as moot;

3) Plaintiff's complaint in case 23-cv-755-wmc is DISMISSED for lack of subject matter jurisdiction; and

4) Plaintiff's motion to have the U.S. Marshals serve the defendants (dkt. #3); and his motion for leave to proceed without prepayment of the filing fee (dkt. #4) in case 23-cv-755-wmc are DENIED as moot

Entered this 23rd day of August, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge